The opinion of the Court was delivered by
Bermudez, C. J.
The question to be determined in this matter relates to the manner and order in which the legatees of the deceased shall be satisfied.
By her will she bequeathed : first, one-fourth of her succession to the five children of her sister; secondly, she made four particular legacies, three of money and one of two pieces of real estate; lastly, she gave the remainder of all the property which shall belong to her at her death, after satisfaction of the foregoing legacies, toller husband.
By the account presented by the latter as executor, the acknowledged sum in hand amounts to $4,497.47. Out of it it is proposed first, to deduct the money legacies, $1,000, and to divide the residue by giving one-fourtli to the nephews of the deceased, $1,124.364, and the remaining three-fourths, $3,373.104, to her universal legatee.
The inventory shows that the two pieces of real estate specially bequeathed and not included in the active on the account were valued, one at $800, the other at $1,200, together at $2,000.
The legatees of “ one-fourth of the succession ” complain that those two pieces of property should have figured among the assets on the account, besides the acknowledged amount mentioned in it, so as to make the amount to be distributed tobe, the money legacies added, $7,497.47. They claim that they should receive one-fourth of thatsum, viz: $1,874.364; that the pieces of real estate should next bo delivered and the legacies paid and that the residue should accrue to the universal legatee.
It is difficult to conceive what plausible reason can be given to resist their demand.
The assets composing the succession of a deceased consist of all the *1240 property of any kind existing at the death and form what is termed the mass. It is only after payment of the debts and charges that there remains a residue, which accrues to the heirs of the deceased of whatever description or class they may be. This is the property which .strictly constitutes the succession and over which the benevolence of a testator can operate cere alieno dedneto. R. C. C. 874. It passes by law where there is no will. Tt passes by a will where, one is made which violates no law. Where a testator gives a share of his succession it is to that residue that he alludes and that share is to be taken first out of it as a lump. .
As a rule, special legacies have to be satisfied'./trsf, but a testator may direct otherwise. All depends upon his intention as expressed.
In the i>resent instance, the testatrix has desired that the children of her sister should first receive the fourth of her estate and that the special legacies of the pieces of property and of money be satisfied out of. the remaining three-fourths of the residue, after payment of the debts and charges.
The universal legatee, under the terms of the will and under the law, is only entitled to the residue of the succession after satisfaction of the debts and legacies.
The simple reading of the will shows that the legatees of the fourth who are first mentioned, are first entitled to that proportion out of what remained after payment of the debts and charges.
The nephews of the deceased are not legatees under a universal title. They are not bequeathed a proportion of any specified part of the succession. They are instituted special legatees of one-fourth of the entire succession. R. C. C. 1612. They are legatees under a particular title, R. C. C. 1625, to whom the will of the deceased which is law, has reserved a certain proportion of the succession. R. C. C. 1611.
The remaining three-fourths, consisting of the real estate specially bequeathed and of cash, accrues to the other legatees. Those entitled to the pieces of property are to receive them in kind. Those entitled to the money legacies are next to be paid the same.
What remains then accrues to the universal legatee.
The inteution of the testator is easily ascertained, is well expressed, and must be carried out as announced. 7 L. 230; 12 R. 64; 12 An. 417; C. C. 1712, (1705.)
It is, therefore, ordered and decreed that the judgment homologating the account be annulled and reversed, so far as it distributes the residue of the succession otherwise, and that said account and tableau be amended by adding to the acknowledged amount therein the gross residue, the inventory value of the real estate bequeathed and the amount of the money legacies, and that one-fourth of the total thereof *1241 be allowed the five children of the sister of the testatrix, amounting to eighteen hundred and eighty-four dollars and thirty-six and three-fourth cents, ($I,884.3fif) ; that the two pieces of real estate be delivered to the legatees thereof; that'the money legacies be paid to the legatees entitled, thereto, and that the residue accrue to the universal legatee, the husband of the deceased, as hereinbefore set forth and specified, and that in other respects said judgment be affirmed; said universal legatee to pay the costs of appeal.
Levy, J., absent.